# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 25, 2021

Lyle W. Cayce
Clerk

No. 20-10557
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

LEE DALE WHITE,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:18-CR-33-1

Before CLEMENT, HIGGINSON, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

Lee Dale White appeals the district court's denial of his motion for a reduction in sentence under Section 404 of the First Step Act of 2018. The district court concluded that White was eligible for a reduction but exercised its discretion and denied the motion.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-10557

White argues that the district court abused its discretion by declining to grant him a reduction in sentence under the First Step Act because the 24-month revocation sentence is substantively unreasonable based on the totality of the circumstances. However, as White concedes, his claim is foreclosed by our caselaw. *See United States v. Batiste*, 980 F.3d 466, 479-80 (5th Cir. 2020). The substantive reasonableness standard does not apply to motions under Section 404 of the First Step Act. *Id.*

The Government has filed an unopposed motion for summary affirmance and, alternatively, requests an extension of time to file its brief. Because White concedes that the issue asserted on appeal is foreclosed, summary affirmance is proper. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Thus, the Government's motion for summary affirmance is GRANTED, the Government's alternative motion for an extension of time to file a brief is DENIED as moot, and the judgment of the district court is AFFIRMED.